# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MARSHALL, AIS # 207937   : | |
|     Plaintiff,    : | |
| vs.    : | CIVIL ACTION 05-0643-WS-C |
| LINDA SHIPMAN, et al.,    : | |
|     Defendants.    : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice, prior to service of process, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  Complaint as Amended (Docs. 1 & 5) .**

Plaintiff names as defendants Linda Shipman, Health Care Administrator for Fountain Correction Center ("Fountain"); Mr. McKay, Fountain's business manager; and Jerry Ferrell, Fountain's warden.  Plaintiff's complaint concerns the deductions made to his inmate account.

Plaintiff complains on March 22, 2005, the dentist, Dr. Bright, told him that there would be no charge for adjusting his dental plate, but on August 24, 2005, $9.00 was deducted from his account. When plaintiff informed defendant Shipman what the dentist said, she refunded $6.00. Then plaintiff complained about $3.00 not being refunded; she then deducted $6.00. When plaintiff complained to the segregation review board, $18.75 was deducted from his account. In another instance, Ms. Hardy was to send $1.72 to the United States District Court, but she sent $11.00 in addition to the $1.72. Plaintiff asserts that a total of $18.75 was illegally taken from his prisoner account. After plaintiff inquired about the balance of his inmate account, his account was changed from $4.60 to $17.35, with $6.00 remaining unaccounted for (Doc. 5). Previously, $36.00 was taken from his account from 2000 to 2002 for signing up for sick call even though he did not see the dentist (Doc. 1).

For relief, plaintiff seeks the return of $18.75, $36.00, and $6.00.in addition to the filing fees and attorney fees he incurs.

Plaintiff's specific claim against defendant Shipman is for deducting $9.00 from his account when Dr. Bright said that there would be no charge for adjusting plaintiff's dentures and then refusing to return it. And plaintiff's claim against defendant McKay is for denying plaintiff's requests because he had a letter from the United States District Court to send the $1.72 filing fee and he had approved the $11.00 that was sent to the Court. Plaintiff's other claim against defendant McKay is "failure to contact Dr. Bright as to her instruction." Then, plaintiff alleges that defendant Ferrell refused to have a full

investigation even after all of the facts had been presented for eleven weeks to the segregation board.[1]

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[2]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved

---

[1] This Court's records reflect that plaintiff has filed numerous actions.  The payment of partial filing fees was an issue in many actions.  Then, later he requested to have all of his actions dismissed and have all of his fees refunded to his inmate account, *Marshall v. Ferrell,* CA 03-0577-CB-C (Doc. 15, Mar. 15, 2005).

[2] The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

### III.  Discussion.

All of the aspects of plaintiff's complaint as amended are not clear.  Nonetheless, it is apparent that plaintiff is disputing the amounts deducted from his inmate account.

Plaintiff's claim against defendant Shipman appears to be for a deprivation of $9.00 which is a result of a $9.00 deduction, a subsequent $6.00 refund, and then a $6.00 deduction.  The exact amount of deprivation is not important to the disposition of the claim against defendant Shipman.  Plaintiff's claim against her is for a deprivation of property.  In order for plaintiff's claim against defendant Shipman to be recognized under § 1983, it must be a deprivation of property without due process of law.

In *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984), the United States Supreme Court held that the deprivation of property by persons acting under color of state law does not constitute a deprivation without due process of law when a predeprivation hearing is impractical and there is available an adequate postdeprivation remedy at the time of the deprivation.  *Id.* at 532-33, 104 S.Ct. at 3203-04.  The *Hudson* Court reasoned that impracticality occurs when the loss of property occurs as a result of a "random, unauthorized act by a state employee," *id.* at 532, 104 S.Ct. at 3203 (quoting *Parratt v. Taylor*, 451 U.S. 527, 541, 101 S.Ct. 1908, 1916 (1981), *overruled on other grounds*

*Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986)), because it is impossible for the State to know beforehand of the deprivation, negligent or intentional, and to provide a predeprivation hearing prior to the loss, *id.* at 533, 104 S.Ct. at 3203.  Some postdeprivation remedies that have satisfied due process are administrative procedures, *Parratt*, 451 U.S. at 543-44, 101 S.Ct. at 1916-17, or ordinary state tort litigation procedures, *Hudson*, 468 U.S. at 535-36, 104 S.Ct. at 3204.

According to the complaint as amended, a predeprivation hearing would have been impractical.  The deprivation occurred not as a result of some established procedure, but as a result of a random, unauthorized act by defendant Shipman.  Therefore, in order for plaintiff's due process claim to be reviewable in this Court, plaintiff must establish that there was no adequate postdeprivation procedure available to him at the time of deprivation.  *See Tinney v. Shores,* 77 F.3d 378, 382 n.1 (11th Cir. 1996) (finding that plaintiffs' claim failed when they argued the violation was complete at the time of the deprivation because they failed to address the availability of an adequate postdeprivation remedy).

However, in the present action plaintiff will not be able to establish that an adequate postdeprivation remedy was unavailable to him at the time of the deprivation.  Claims for the loss of property incurred at the hands of Alabama state agencies or their employees may be presented for compensation to the Alabama Board of Adjustment pursuant to Alabama Code §§ 41-9-60, *et seq.*  And a state employee may be personally liable to an inmate in an ordinary tort action.  *Milton v. Espey*, 356 So.2d 1201 (Ala.

1978); ALA. CODE § 6-5-262 (1975).

It is not necessary that the postdeprivation remedy be available to plaintiff at the present time to determine whether the deprivation was with or without due process. *See Parratt*, 451 U.S. at 543-44, 101 S.Ct. at 1917. It is only required that an adequate postdeprivation remedy have been available to him when the deprivation occurred. *Id.* Because an adequate postdeprivation remedy was available to plaintiff at the time of his loss, the deprivation of plaintiff's property does not violate due process. Accordingly, plaintiff's claim against defendant Shipman for a deprivation of property without due process of law is frivolous.

### B. Claims Against Defendants McKay and Ferrell.

Plaintiff's claims against defendants McKay and Ferrell are similar to each other. Plaintiff complains that defendant McKay denied his requests after an investigation into the deductions of $1.72 and $11.00 and then did not contact Dr. Bright.[3] Plaintiff maintains that defendant Ferrell refused to have a full investigation after he was informed of the deductions from plaintiff's account. An examination of case law did not reveal, however, that plaintiff has a constitutional right to have an investigation conducted. *See Vinyard v. Wilson,* 311 F.3d 1340, 1356 (11th Cir. 2002) (holding that there was no entitlement to an internal investigation of plaintiff's complaints of police brutality). Nor

---

[3]The denial of plaintiff's requests is subsumed in the Court's handling of the claims based on an investigation, or lack thereof, because an unfavorable outcome of an investigation would not yield the result plaintiff wanted.

is the failure to investigate an element of a claim for a violation of plaintiff's constitutional rights. *Cf. Brown v. Head,* 190 Fed.Appx. 808, 2006 WL 2034735, at **2 (11th Cir. July 20, 2006) (unpublished) (finding the denial of a grievance at the supervisory level, which resulted in the lack of enforcement of the no-smoking policy, exhibited negligence and not the deliberate indifference needed to establish a medical claim for a violation of constitutional rights).

Furthermore, plaintiff's other claim against defendant McKay for "failure to contact Dr. Bright as to her instruction" is not of constitutional magnitude. This claim is not clear to the Court. The only connection to the other claims that the Court can surmise is that contacting Dr. Bright would have been a part of an investigation. Nonetheless, because plaintiff is not entitled to an investigation, *supra*, this claim does not present a violation of the Constitution.

Considering the factual bases of the claims against defendants McKay and Ferrell, the undersigned finds that plaintiff's claims against them are frivolous.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[4]

---

[4]The Court notes in passing that any claims that accrued during the period from 2000 to 2002 would be barred by the two-year statute of limitations for a § 1983 action. *Lufkin v. McCallum*, 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied*, 506 U.S. 917(1992); ALA. CODE § 6-2-38(l).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 18th day of June, 2007.

                                          **s/WILLIAM E. CASSADY**
                                          **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.    ***Objection***.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual

8

findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                    s/WILLIAM E. CASSADY
                                    UNITED STATES MAGISTRATE JUDGE